**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PATRICIA KENNEDY,

               **Plaintiff,**

v.                                                **Case No:  6:17-cv-634-Orl-40DCI**

TACO CITY 3, INC.,

               **Defendant.**

_____

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT AFTER DEFAULT AND VERIFIED APPLICATION FOR ATTORNEY FEES, COSTS, EXPERT FEES AND LITIGATION EXPENSES (Doc. 13)** |
| **FILED:** | **June 29, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice**.

## I.    <u>PROCEDURAL BACKGROUND</u>

On April 10, 2017, Plaintiff filed a Complaint against Defendant alleging a violation of Title III of the Americans with Disabilities Act (ADA).  Doc. 1.  Plaintiff served Defendant on April 19, 2017.  Doc. 6.  Defendant failed to respond to Plaintiff's Complaint and the Clerk subsequently entered default against Defendant.  *See* Docs. 10; 12.  On June 29, 2017, Plaintiff moved for default judgment against Defendant (the Motion).  Doc. 13.

## II.   <u>ALLEGATIONS</u>

In her Complaint, Plaintiff alleged the following:  Plaintiff qualifies as an individual with disabilities as defined by the ADA.[1]  Doc. 1 at 1.  Defendant "owns, leases, leases to, or operates" Taco City, "a place of public accommodation as defined by the ADA,"[2] located at 2955 South Atlantic Avenue, Cocoa Beach, Brevard County, Florida 32931.  *Id.* at 1-2, 4.  On February 6, 2017, Plaintiff, a frequent visitor to the area where Taco City is located, visited Taco City and encountered numerous conditions that violated the ADA, "including, but not limited to:"

    i.      Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

    ii.      Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

    iii.      There is a lack of a compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with excessive slopes, abrupt changes in level, unsecured floor mats/carpeting, and hazards on ground surfaces.

    iv.      There is an insufficient number of compliant parking spaces and access aisles, with excessive slopes.

    v.      There are non-compliant restrooms, with improperly located amenities, inaccessible commodes, lack of compliant grab bars, missing grab bars, flush controls on wrong side, inaccessible sinks, non-compliant doorways, improper door hardware, insufficient door clearance, insufficient maneuvering space, lack of required clear floor spaces, and obstructions.

    vi.      There is a lack of compliant accessible seating and tables.

    vii.      The transaction counter is inaccessible.

---

[1] Specifically, Plaintiff alleged that she is unable to walk more than a few steps without using a wheelchair, cane, or other support.  Doc. 1 at 1.  Plaintiff further alleged that she has limited use of her hands.  *Id.*

[2] Taco City is presumably a restaurant, but Plaintiff made no allegations regarding the nature of Taco City's business.

*Id*. at 3-4.  Plaintiff suffered harm as a result of Defendant's violations and seeks (1) a declaratory judgment holding that Defendant violated the ADA; (2) injunctive relief against Defendant that includes, in part, an order that Defendant make all readily achievable alterations to the facility and make the facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; (3) attorney fees, costs, and litigation expenses; (4) all remedies available under 42 U.S.C. §§ 12188 and 2000a-3(a) as the Court deems just and proper; and (5) such other relief as the Court deems just and proper or that is allowable under the ADA.  *Id*. at 8-9.

## III.   <u>STANDARD OF REVIEW</u>.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.  First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.  Fed. R. Civ. P. 55(a).  Second, after obtaining clerk's default, the plaintiff must move for default judgment.  Fed. R. Civ. P. 55(b).  Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

## IV.   **DISCUSSION**.

To state a cause of action for discrimination under Title III of the ADA, a plaintiff must initially prove that "(1) [plaintiff] is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA."  *Dulbulao v. Kennedy Spa, LLC*, 8:10-cv-2607-T-30AEP, 2013 WL 2317729, at * (M.D. Fla. May 28, 2013) (citing 42 U.S.C. § 12182(a)).

Here, Plaintiff has failed to show through well-pled facts that the foregoing elements are satisfied and that Plaintiff is entitled to judgment.  A substantially similar complaint was recently considered by the court in *Kennedy v. Paniccia-Indialantic, LLC*, 6:16-cv-2208-Orl-31DCI, 2017 WL 5178182 (M.D. Fla. Nov. 8, 2017).[4]  In *Paniccia-Indialantic*, the court entered an order dismissing Plaintiff's complaint for failure to state a claim.  In doing so, the court stated, in part, as follows:

> Finally, Paniccia argues that Kennedy has failed to state a claim because the Complaint is impermissibly vague. As to this issue, Paniccia is on much firmer ground.

---

[4] Plaintiff is a frequent filer in the Middle District of Florida and has previously filed hundreds of similar complaints.  *See, e.g.*, *Paniccia-Indialantic*, 2017 WL 5178182, at *4.

As noted above, Kennedy contends that she visited the Indialantic Center and encountered architectural barriers in violation of the ADA. (Doc. 1 at 4). The reader would not know it, based on the Complaint, but the Indialantic Center is a shopping center with 23 storefronts. Anyone reading the Complaint would also be left in the dark as to the barriers she encountered, as Kennedy does not include that information. Instead, Kennedy provides a laundry list of violations that allegedly exist at the center—leaving it a mystery as to how she has become aware of them. The alleged violations themselves are described in terms so vague as to defy any effort to independently verify their existence. For instance, Kennedy alleges that

> [t]hat there is a lack of compliant accessible route [sic] connecting the disabled parking spaces with all the goods, services and facilities of the property, with excessive slopes, obstructions, narrow or blocked passageways, lack of sufficient maneuvering space, inaccessible merchandise, narrow merchandise aisles, hazards on ground surfaces, unsecured floor mats/carpeting.

(Doc. 1 at 4). No further information is provided regarding which parking spaces are affected, which of the 23 stores have inaccessible merchandise or unsecured mats, or anything of that nature. And the same holds true for Kennedy's remaining allegations.

As should be obvious, this Complaint—which is substantially similar to complaints filed by Kennedy in hundreds of cases—does not contain sufficient facts to "raise a right to relief above a speculative level" and thereby satisfy Rule 8. It is essentially nothing more than a placeholder. It does not provide fair notice to the Defendant as to Plaintiff's claim, and its consideration wastes the time of the parties, and this Court. The Complaint will therefore be dismissed.

*Id*. at *3-4.  The court further noted that Kennedy also failed "to provide even the barest of details about the Defendant, describing it only as an entity that 'owns, leases, leases to, or operates' the Indialantic Center."  *Id* at *4 n.2.

Plaintiff's Complaint in this case suffers from the same fatal flaws that the court noted in *Paniccia-Indialantic*.  Plaintiff provided virtually no well-pled facts regarding Defendant.  Instead, Plaintiff alleged, in conclusory fashion, that Defendant "owns, leases, leases to, or operates a place of public accommodation," without providing any well-pled facts to establish that Taco City was,

in fact, a place of public accommodation.[5]  Further, Plaintiff's allegations regarding Defendant's

alleged violations are of the same vague, conclusory nature as those in *Paniccia-Indialantic*.

In addition to the foregoing, Plaintiff did not plead whether or not Taco City was a pre-

existing building.[6]  Instead, Plaintiff conditionally pled that "[t]o the extent" that Taco City existed

prior to January 26, 1993, Defendant had a continuing obligation to remove architectural barriers.[7]

Doc. 1 at 2.  The Eleventh Circuit has stated as follows with regard to the standard to be applied

to pre-existing buildings:

> Congress enacted the ADA on January 25, 1993. After this date, facilities have to
> meet exacting design and implementation standards to be in compliance with the
> ADA. The ADA imposes different requirements on the owners and operators of
> facilities that existed prior to its enactment date. For those facilities, the ADA states
> that discrimination includes a private entity's "failure to remove architectural
> barriers ... where such removal is readily achievable." 42 U.S.C. §
> 12182(b)(2)(A)(iv). Where removal is not "readily achievable," failure of the entity
> to make goods, services and facilities "available through alternative methods if such
> methods are readily achievable," may constitute discrimination under the ADA. 42
> U.S.C. § 12182(b)(2)(A)(v).
>
> The ADA defines "readily achievable" as "easily accomplishable and able to be
> carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Congress
> included in the ADA factors to be considered in evaluating whether removal of a
> barrier is "readily achievable." These factors are (1) nature and cost of the action;

---

[5] The undersigned further notes that although Plaintiff did not use the phrase "upon information
and belief," the undersigned finds Plaintiff's general allegation that Defendant "owns, leases,
leases to, or operates a place of public accommodation" to be akin to pleading an allegation "upon
information and belief," and that Plaintiff's allegation thus does not constitute a proffer and is not
supported by any factual basis.  A vague allegation made on "information and belief" is not
sufficient to support a motion for default judgment. *See Cohan v. Sparkle Two, LLC*, 309 F.R.D.
665, (M.D. Fla. 2015) (noting that because injunctive relief was sought, the plaintiff was required
to establish that the correct party was before the Court, and finding that the plaintiff's allegation
was insufficient where the plaintiff alleged that, upon information and belief, the defendant was
the lessee, operator, owner and lessor of the real property that was the subject of the suit).

[6] A "pre-existing building" under the ADA is one that existed on or before January 25, 1993. *See*
42 U.S.C. § 12183(a)

[7] Plaintiff also conditionally pled what would have been required had Taco City been constructed
or altered after January 25, 1993.  Doc. 1 at 2-3.

(2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity; and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. *Id.*

. . .

[P]laintiff has the initial burden of production to show (1) that an architectural barrier exists; and (2) that the proposed method of architectural barrier removal is "readily achievable," i.e., "easily accomplishable and able to be carried out without much difficulty or expense" under the particular circumstances of the case. *Colorado Cross* [*Disability Coalition v. Hermanson Family Ltd.*], 264 F.3d [999,] 1007 [(10th Cir. 2001)]. If the plaintiff meets this burden, the defendant then bears the ultimate burden of persuasion that barrier removal is not "readily achievable." *Id.* at 1002-03; *see also White v. Cinemark USA, Inc.*, 2005 WL 1865495 at *6 (E.D.Cal.2005); *Access Now, Inc. v. So. Fla. Stadium Corp.*, 161 F.Supp.2d 1357, 1363 (S.D.Fla.2001); *Ass'n for Disabled Ams., Inc. v. Claypool Holdings, LLC*, 2001 WL 1112109 at *26 (S.D.Ind.2001); *Pascuiti v. New York Yankees*, 1999 WL 1102748 at *4 (S.D.N.Y.1999).

*Gathright-Dietrich v. Atl. Landmarks, Inc.*, 452 F.3d 1269, 1272-74 (11th Cir. 2006); *see also Access for the Disabled, Inc. v. Osceola Enters. Of Kissimmee, Inc.*, 6:09-cv-1805-Orl-31GJK, 2010 WL 2889823, at *1 (M.D. Fla. July 22, 2010) (stating that it was unclear whether Plaintiff had standing to challenge the alleged violations, and explaining that "Plaintiffs may only challenge those barriers that reasonably relate to their particular disabilities and for which removal is readily achievable."). Thus, the undersigned cannot determine what standard to apply, or if Plaintiff has standing, without first knowing if Taco City is a "pre-existing building" under the ADA. But to the extent that Taco City is a "pre-existing building" under the ADA, the undersigned notes that Plaintiff did not provide the Court with any information or well-pled facts with which the Court could determine that the removal of the alleged architectural barriers would be "readily achievable" or that there exist "readily achievable" alternative methods for Taco City to make its

goods, services, and facilities available to Plaintiff. Plaintiff's vague, conclusory allegations regarding the nature of Defendant's so-called violations are insufficient.

Further, Plaintiff's Complaint and Motion lack the required specificity for the entry of an injunction. "Pursuant to Rule 65, every injunction must 'state its terms specifically' and 'describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.'" *Access for the Disabled*, 2010 WL 2889823, at *1 (citing Fed. R. Civ. P. 65(d)(1)). Here, Plaintiff has not provided any such reasonable detail. In fact, Claimant expressly requests a broad, non-specific injunction that enjoins Defendant "from discrimination against individuals with disabilities, [and] clos[es] the subject facilities until completion of all alterations necessary to make the premises accessible by individuals with disabilities and otherwise in compliance with the ADA." Doc. 13 at 19. But the "Court simply cannot enjoin a party 'from discriminating against individuals with disabilities' and order compliance with 'all sections' of the ADA." *Access for the Disabled*, 2010 WL 2889823, at *1 ("To be entitled to injunctive relief, Plaintiffs must, at a minimum, specifically identify each architectural barrier that they contend violates the ADA (or its relevant implementing regulations) and offer some evidence as to why the removal of same is readily achievable and beneficial to Plaintiffs.").

Finally, the undersigned notes that Plaintiff spends just two pages of the Motion attempting to justify her request for default judgment, and the next 15 pages requesting attorney fees and costs. *See Paniccia-Indialantic*, 2017 WL 5178182, at *4 ("This Court has long had concerns about the unintended side effects of the mechanism set up by Congress to enforce the ADA. Without deciding the issue here, the undersigned would not permit recovery of attorney fees for the drafting of an obviously deficient pleading.") (internal citation omitted).

## V.     CONCLUSION.

Accordingly, for all of the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the Motion (Doc. 13) be **DENIED without prejudice** and that the Court grant Plaintiff leave to file an amended motion for default judgment on or before the thirtieth day after the date the Court enters its Order on this Recommendation.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 22, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy