**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PATRICIA KENNEDY,

    Plaintiff,

v.                                                  Case No: 6:17-cv-634-Orl-40DCI

TACO CITY 3, INC.,

    Defendant.
_____/

## ORDER

This cause is before the Court on Plaintiff's Motion for Default Judgment (Doc. 13), filed June 29, 2017. Magistrate Judge Daniel C. Irick issued a Report and Recommendation (Doc. 16), recommending that the motion be denied without prejudice. Plaintiff timely filed an objection on December 6, 2017. (Doc. 17).

**I.    BACKGROUND**

Plaintiff initiated this action on April 10, 2017, alleging violations of Title III of the American with Disabilities Act ("ADA"). Plaintiff complains that Defendant's property is non-compliant with multiple requirements of the ADA, including:

    i.   Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

    ii.  Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

    iii.  There is a lack of a compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with excessive

slopes, abrupt changes in level, unsecured floor mats/carpeting, and hazards on ground surfaces.

iv. There is an insufficient number of compliant parking spaces and access aisles, with excessive slopes.

v. There are non-compliant restrooms, with improperly located amenities, inaccessible commodes, lack of compliant grab bars, missing grab bars, flush controls on wrong side, inaccessible sinks, non-compliant doorways, improper door hardware, insufficient door clearance, insufficient maneuvering space, lack of required clear floor spaces, and obstructions.

vi. There is a lack of compliant accessible seating and tables.

vii. The transaction counter is inaccessible.

Plaintiff alleges that she has encountered these violations on the subject property and, as a result, Defendant discriminated against her based on her disability by "denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility." (Doc. 1, ¶ 17).

After a careful review of the Complaint, Magistrate Judge Irick recommends Plaintiff's Motion for Default Judgment be denied because the Complaint fails to state a claim upon which relief can be granted. (Doc. 16). Plaintiff objects to this recommendation.

## II. STANDARD OF REVIEW

A district judge may designate a magistrate judge to hear and determine both dispositive and non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a),

(b). When a magistrate judge has been designated to decide a matter that is dispositive in nature, as is the case here, the magistrate judge must issue a report to the district judge specifying the magistrate judge's proposed findings of fact and recommended disposition. Fed. R. Civ. P. 72(b)(1). Any party who disagrees with the magistrate judge's recommended decision has fourteen days from the date of the recommendation to seek the district judge's review by filing objections to those specific portions of the recommendation disagreed with. Fed. R. Civ. P. 72(b)(2). The district judge must then make a *de novo* determination of each issue to which objection is made. Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam). The district judge may then accept, reject, or modify the magistrate judge's recommendation, receive additional evidence or briefing from the parties, or return the matter to the magistrate judge for further review. Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

"The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court." *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002). Instead, before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are deemed to be admitted by virtue of the defendant's default, adequately state a claim for relief. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] If the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to October 1, 1981.

facts alleged in the complaint do not state a claim for relief against the defendant, a default judgment cannot be awarded. *Id.*

Plaintiff's Complaint in this case fails to adequately state a claim for relief. In order to state a claim under the Title III of the ADA, "a plaintiff generally has the burden of proving: (1) that she is an individual with a disability; (2) that defendant is a place of public accommodation; and (3) that defendant denied her full and equal enjoyment of the goods, services, facilities or privileges offered by defendant (4) on the basis of her disability." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1299 (11th Cir. 2005). The Complaint in this case only contains conclusory allegations that Plaintiff was denied full and equal enjoyment of goods or services, stating merely that Defendants "deprive[] Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public." (Doc. 1, ¶ 12). The Complaint is lacking any factual content to support these allegations.

The standard upon which this Court reviews the sufficiency of a complaint is clear: "Mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action will not do,' and a plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678)). Plaintiff does nothing more that recite the elements of a claim for violation of Title III of the ADA. Without any factual details to support her conclusory allegations, Plaintiff fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED**:

4

1. Plaintiff's Objection to Magistrate Judge Irick's Report and Recommendation (Doc. 17) is **OVERRULED**.

2. Magistrate Judge Irick's November 22, 2017, Report and Recommendation (Doc. 16) is **ADOPTED** and made a part of this Order.

3. Plaintiff's Motion for Default Judgment (Doc. 13) is **DENIED WITHOUT PREJUDICE**. Plaintiff may file an Amended Motion for Default Judgment within thirty (30) days of the date of this Order.

**DONE AND ORDERED** in Orlando, Florida, on February 9, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties